### MESEROLE *v.* BROOKLYN CITY R. CO.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Where a person starts to cross the track as soon as the rear of the train from which he had alighted has passed him, without turning his head in either direction to see if any train is coming, and regardless of a caution given him by the conductor, he is guilty of contributory negligence, and no recovery for his death can be had of the company.

On exceptions from circuit court, Kings county.

Action by Walter L. Meserole, as administrator of Thomas Meserole, against the Brooklyn City Railroad Company, for negligently causing the death of plaintiff's intestate. A nonsuit was ordered, exceptions to be heard in the first instance at general term.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Carpenter & Roderick,* for plaintiff.   *Morris & Whitehouse,* for defendant.

PRATT, J.   This action was brought by the plaintiff, as administrator, to recover damages sustained by the plaintiff, and the other next of kin of Thomas Meserole, deceased, by reason of the death of said deceased caused by the negligence of the defendant, its agents or servants. At the close of the testimony the action was dismissed upon the ground that it appeared from the evidence that the deceased was guilty of contributory negligence, and that the defendant was free from negligence.

We think the case was properly disposed of upon the first ground. If the case had been submitted to the jury, and a verdict rendered that no head-light was burning upon the engine which struck the deceased, it would have been incumbent upon the court to set it aside as against the weight of evidence under well-established rules. It follows from the fact that a head-light was burning that if the deceased had looked in the direction of the approaching train he could not have failed to see its approach, and avoided it. But the question is not left to inference. The fact clearly appears that he did not look, but, although notified to look out by the conductor of the car from which he had alighted, he proceeded to cross the track upon which the train was approaching without turning his head in either direction to see if any train was coming. The evidence clearly shows that deceased neither looked nor listened for an approaching train, but started to cross as soon as the rear of the train from which he alighted had passed him some four or five feet. Had the deceased turned to look after he had passed the rear of the car, he could not have failed to discover the danger. It is no answer to say that the train from which he alighted obstructed his view, as it was his duty to look, after he had passed the rear of that train, before he stepped upon the opposite track. The whole conduct of the deceased showed a reckless want of care. Instead of waiting until the train from which he had stepped had gone a proper distance, so as to disclose an approaching train, he immediately turns up his coat collar, and puts a muffler over his ears, and proceeds to cross the track without looking or listening, and regardless of a caution given him by the conductor. Judgment affirmed, with costs. All concur.